IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMIAH EVEN COOK, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TABB BICKELL, et al. | : | |
|     Respondents, | : | NO.  13-6746 |
| | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

       Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Facility, in Huntingdon, Pennsylvania.  For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.       PROCEDURAL HISTORY

       On January 9, 2009, following a bench trial before the Honorable Linda K.M. Ludgate, petitioner was convicted of rape, aggravated indecent assault, indecent assault, aggravated assault, simple assault, and harassment.  Specifically, petitioner was convicted of beating and raping the mother of two of his children.  On June 17, 2009, petitioner was sentenced to eighteen (18) to forty (40) years imprisonment for rape and aggravate assault.

       Petitioner filed a direct appeal to the Superior Court.  Petitioner raised the following claims: (1) insufficient evidence to support the convictions for rape, aggravated indecent assault and indecent assault; (2) the convictions for rape, aggravated indecent assault, and indecent assault were contrary to the weight of the evidence; and (3) the sentencing court

1

abused its discretion. On July 22, 2010, the Superior Court affirmed petitioner's judgment of sentence. Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 24, 2010, petitioner filed a timely *pro se* petition under the Post Conviction Relief Act (PCRA) 42 Pa. C.S. § 9541, et seq. The court appointed J. Allen Daringer, Esquire, to represent petitioner. On September 28, 2011, counsel filed an amended PCRA petition, seeking the right to file a petition for allowance of appeal to the Supreme Court of Pennsylvania on direct appeal *nunc pro tunc*. On November 9, 2011, the PCRA court granted the request, directing that said petition be filed within thirty days.

On February 6, 2012, counsel filed a motion for *nunc pro tunc* right to file a petition for allowance of appeal to the Supreme Court of Pennsylvania, explaining that counsel did not receive a copy the PCRA court's November 9, 2011 order due to postal error. On February 9, 2012, the PCRA court granted the motion. On March 7, 2012, petitioner filed a petition for allowance of appeal *nunc pro tunc* with the Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on September 14, 2012.

On July 31, 2013[1], petitioner filed the instant Petition for Writ of Habeas Corpus relief in the United States District Court for the Middle District of Pennsylvania, raising the following claims:

> 1) Whether there was sufficient evidence for each of the crimes and a lack of consent necessary for the conviction;

---

[1] Although the habeas petition was not docketed by this court until August 13, 2013, (Doc. 1), the "mailbox rule" applies. Under the "mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the complaint to prison authorities for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, petitioner signed his petition on July 31, 2013 so we will presume that he also delivered it to authorities for filing on that date.

    2) Whether the verdicts are against the weight of the evidence; and

    3) Whether the sentencing court abused its discretion in sentencing the defendant to a period of eighteen to forty years.

The case was subsequently transferred to the Eastern District of Pennsylvania, where it was docketed on November 19, 2013.

Respondents contend that the petition is untimely. This court disagrees, and finds petitioner's habeas petition timely. In the alternative, respondents contend that petitioner's claims are either non-cognizable or meritless. Following a comprehensive review of petitioner's claims and the record, and for the reasons that follow, we recommend that the instant petition for habeas corpus relief be denied.

## II.   TIMELINESS

### A. Statutory Tolling

A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes.  Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

The Superior Court affirmed petitioner's judgment of sentence on July 22, 2010. Applying the AEDPA limitations period to the instant case, petitioner's judgment of sentence would have become final on August 22, 2010, when the thirty day time for petitioner to appeal to the Pennsylvania Supreme Court expired.  Thus, petitioner's one year limitations period in which to file for habeas corpus relief would have begun to run on August 22, 2010.  Absent tolling of the limitation period, petitioner would have had until August 22, 2011, to file a timely PCRA petition or § 2254 petition.  However, petitioner filed a timely PCRA petition on November 24, 2010.  On September 28, 2011, petitioner's counsel filed an amended PCRA petition requesting leave to file a petition for allowance of appeal to the Supreme Court of Pennsylvania on direct appeal *nunc pro tunc*.  The PCRA court granted said request.  Petitioner then filed a second motion for *nunc pro tunc* right to file a petition for allowance of appeal to the Supreme Court of Pennsylvania, explaining that, due to postal error, petitioner's counsel did not receive notice that

4

the PCRA court had granted petitioner's first request for leave to file a *nunc pro tunc* appeal. The PCRA court again granted petitioner's motion and petitioner filed the petition for allowance of appeal to the Supreme Court of Pennsylvania *nunc pro tunc* on March 7, 2010.  The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on September 14, 2012.  Petitioner's conviction then became final ninety days later, on December 14, 2012, when the time for filing an appeal before the United States Supreme Court expired.  Thus, petitioner had until December 14, 2013 to file a timely habeas petition.  The instant habeas petition was filed on July 13, 2013.  Thus, petitioner's habeas petition was timely filed.

The Commonwealth argues that because petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania was *nunc pro tunc*, it is not considered "properly filed" for AEDPA timeliness purposes, thus, petitioner's habeas statute of limitations was not tolled during the pendency of petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania *nunc pro tunc*.  We disagree.  If the state court reinstates a petitioner's direct appeal rights *nunc pro tunc*, his judgment of sentence will not become final for the purposes of calculating the start date of AEDPA's statute of limitations until that direct appeal has become final. Jimenez v. Quarterman, 555 U.S. 113, 118–21, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) (where a state court grants a criminal defendant the right to file an out-of-time direct appeal, his conviction is not "final" under AEDPA's statute of limitations,  28 U.S.C. § 2244(d)(1)(A), until the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking certiorari review of that appeal).

III.    STANDARD OF REVIEW

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a

significant burden. Section 104 of the AEDPA imparts a presumption of correctness to the state court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1994). The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in Williams v. Taylor, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1518-19 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute. Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States." Williams, 529 U.S. at 404. Justice O'Connor, writing for the majority of the Court on this issue, explained that a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours [the Supreme Court]." Id. at 405. Justice O'Connor explained, however, that this "contrary to" clause does not encompass the run-of-the-

6

mill state court decisions "applying the correct legal rule from [Supreme Court] cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). Id. at 407-08. It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. The Supreme Court has more recently stated, "The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 573, 127 S. Ct. 1933, 1939 (2007).

IV.     DISCUSSION

For the reasons that follow, we find that claim one should be denied on the merits.

Petitioner's first claim is that the evidence was insufficient to sustain petitioner's convictions. Petitioner argues that the prosecution argued that because the victim did not consent to sexual intercourse, petitioner raped her. Petitioner alleges that the court failed to consider evidence that would prove that sexual intercourse after a fight was regular behavior in

the relationship between petitioner and the victim.  Further, the court failed to consider evidence that would prove that the victim made no attempt to stop petitioner from penetrating the victim.

Petitioner raised this claim on direct appeal to the Superior Court.  The Superior Court denied this claim, finding that the evidence was more than sufficient to prove the element of forcible compulsion.

The Supreme Court has recognized that due process requires that a person can be convicted of a crime only when every element of the offense has been proven beyond a reasonable doubt.  Jackson v.  Virginia, 443 U.S. 307, 316, 99 S.Ct.  2781 (1979).  Where one has challenged the sufficiency of evidence, a court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v.  Cuyler, 723 F.2d 1077, 1083-84 (3d Cir.  1983)(quoting Jackson, 443 U.S. at 319)(emphasis in original).   The above standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n. 16; see also Orban v. Vaughn, 123 F.3d 727, 731-32 (3d Cir. 1997)(applying Jackson standard to sufficiency of evidence claim for state conviction for aggravated assaulted), cert denied, 522 U.S. 1059 (1998). The AEDPA limits the federal court's review of a sufficiency of evidence claim in that relief can only be granted where the state court's decision was an objectively unreasonable application of the standard set forth in Jackson.  See Williams, 529 U.S. at 407-08.

In evaluating Petitioner's insufficiency of the evidence claims, the Superior Court applied the Pennsylvania standard for such claims.  See Commonwealth v. Holloman, 2330 EDA 2008, at 3–4 (Pa.Super.Ct. May 14, 2010).  The Third Circuit has found this standard to be consistent with the Supreme Court's Jackson standard.  See  Evans v. Court of Common Pleas,

Delaware County, 959 F.2d 1227, 1232 (3d Cir.1992) (stating that the insufficiency standard applied by Pennsylvania courts is consistent with Jackson); see also Miller v. Beard, 2007 U.S. Dist. LEXIS 11479, at *16 (E.D.Pa. Jan. 30, 2007) ("[I]n evaluating Petitioner's sufficiency claim, the Superior Court used the functional equivalent of the *Jackson v. Virginia* standard."). Thus, the state courts have not applied a standard "contrary to" clearly established federal law. This Court will now determine if the Superior Court's application of that standard to Petitioner's three insufficiency claims was "objectively unreasonable."

The relevant portions of the rape statute, 18 Pa. C.S.A. §3121, are defined as follows:

> (a) Offense defined.--A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
> (1) By forcible compulsion
> (2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

The relevant provision of Aggravated Indecent Assault, 18 Pa. C.S.A. §3125, is defined as follows:

> (a) Offenses defined.--Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
> (1) the person does so without the complainant's consent;
> (2) the person does so by forcible compulsion

The relevant portion of the Indecent Assault statute, 18 Pa. C.S.A. §3126(a)(1), is defined as follows:

> (a) Offense defined. --A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the

>complainant and:
>(1) the person does so without the complainant's consent

The rape and aggravated indecent assault statutes require the Commonwealth to prove forcible compulsion or threat of forcible compulsion. The definition of forcible compulsion within the Crimes Code provides "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied. . . ." 18 Pa. C.S.A. §3101.

>The Superior Court summarized the evidence of forcible compulsion as follows:
>
>[A]t trial the victim testified Appellant entered her house without permission at 2:00 a.m. Appellant severely slapped, punched, and kicked the victim, and dragged her between rooms by her hair. After Appellant stopped beating the victim, he directed her into the bed and had sex with her. The victim told Appellant she did not want to have sex with him, and he responded by telling her to shut up, he was going to have his way with her. The victim did not have the strength or energy to scream or resist Appellant during intercourse.
>
>See Habeas Pet. Resp. 2/25/14, Attachment # 3 at 156-157 (Pa. Super. Ct. Op. 7/22/10).

At trial the victim testified that, "I was sitting on the toilet and he started open-hand slapping me in my face, and then I got up and that is when he continued to assault me, grabbed me by my hair, kicked me, punched me, dragged me by my hair." See Habeas Pet. Resp. 2/25/14, Attachment # 2 at 19 (N.T. 1/9/09). The victim then testified that petitioner told her to go and lie on the bed. Petitioner then penetrated the victim with his penis. See Habeas Pet. Resp. 2/25/14, Attachment # 2 at 20 (N.T. 1/9/09). When the victim was asked by the Commonwealth what petitioner was saying right before he penetrated the victim, she responded, "I am saying to him to stop. I said this is not the time nor place for this and I needed to see a doctor and he told me to shut up, I am going to do what I want with you and have my way with you." See Habeas Pet. Resp. 2/25/14, Attachment # 2 at 19 (N.T. 1/9/09). The victim testified that she told petitioner to stop "a

couple of time, maybe three times," See Habeas Pet. Resp. 2/25/14, Attachment # 2 at 19 (N.T. 1/9/09).

The Superior Court found that the evidence "was more than sufficient to prove the element of forcible compulsion. The beating and subsequent rape were part of a single chain of events, and Appellant's decision to stop beating the victim before entering the bedroom and having sex with her does not break this chain of events or eliminate Appellant's physical intimidation and domination of the victim." See Habeas Pet. Resp. 2/25/14, Attachment # 3 at 157 (Pa. Super. Ct. Op. 7/22/10).

We find that, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of rape, aggravated indecent assault, and indecent assault beyond a reasonable doubt. Thus, we cannot find the Superior Court's application of the Jackson standard to petitioner's insufficiency claim was "objectively unreasonable." This claim must be dismissed.

V.      COGNIZABLE FEDERAL HABEAS CLAIM

Petitioner's second and third claims are not cognizable claims in a federal habeas petition.

Petitioner's second claim is that verdicts were against the weight of the evidence. Under the AEDPA, a petitioner's challenged to the weight of the evidence is not a cognizable ground for federal habeas corpus relief because it does not present a federal constitutional issue. A weight of the evidence claim requires an evaluation of the credibility of the evidence presented at trial, and a state court's credibility findings are binding on a federal habeas court. Challenges to the weight of the evidence produced at trial are not cognizable in federal *habeas* proceedings. See Tibbs v. Florida, 457 U.S. 31, 42-45 (1982). Therefore, this claim is not a recognized

11

federal habeas claim and must be dismissed without consideration on the merits.

Petitioner's third claim is that the sentencing court abused its discretion in sentencing petitioner to a period of eighteen to forty years imprisonment.  Petitioner's claim that the sentencing court abused its discretion in not considering the fact that plaintiff was the financial support for his children and the impact that forty years in prison would have on petitioner's relationship with his children is a claim that does not raise a constitutional claim.  Claims that the sentencing court abused its discretion under state law do not amount to a federal constitutional question.  Habeas challenges to a state court's sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and petitioner's constitutional rights were not violated.  Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that federal habeas courts are not permitted to review questions of state law); Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (stating that when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief").

Petitioner does not contend that his sentence was outside of the statutory guidelines.  Petitioner also does not contend that the sentence was based on arbitrary considerations.  Petitioner's only argues that the court failed to consider the mitigating factors of petitioner's relationship with his children and the financial support he provides them.  Because petitioner has failed to show that his sentence offended petitioner's constitutional rights, petitioner's claim is not a recognized federal habeas claim and must be dismissed without consideration on the merits.

Therefore, we make the following:

RECOMMENDATION

AND NOW, this 16th day of June, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED.  Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:


 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE